I .PEATROSS, J.
This appeal arises from a workers’ compensation judgment granting an exception of prescription in favor of the defendant, Kavanaugh Group Temporary Services, Inc. (“Kavanaugh”). The plaintiff, Stephen Murphy (“Murphy”), now appeals the judgment. For the reasons stated herein, we affirm.
FACTS
On April 22, 2003, Murphy filed a claim for workers’ compensation against Kava-naugh based upon an accident allegedly occurring on March 15, 2000.[1] On June 18, 2003, Kavanaugh filed a peremptory exception of prescription, asserting that Murphy’s action was prescribed on the face of his claim under the one-year prescriptive period of La. R.S. 23:1209(A)[2]. The exception was set for hearing on July 28, 2003, and notice was sent by certified mail to Murphy. The exception of prescription was heard on July 28, 2003; counsel for Kavanaugh was present, but Murphy, who was representing himself, failed to appear for the hearing. The Workers’ Compensation Judge (“WCJ”) noted that Murphy was “incarcerated” at Central Louisiana Hospital and was aware of the hearing, but had not requested a continuance. Finding Kavanaugh’s exception to 12have merit, the WCJ granted the exception. Subsequently, a written judgment was signed on September 23, 2003. Murphy now appeals.
DISCUSSION
On appeal, Murphy asserts that he should have been granted workers’ compensation benefits because he explained to the Office of Workers’ Compensation that he could not “make it to the hearing.” The record reveals that Murphy did write a letter to the Office of Workers’ Compensation, dated July 27, 2003, requesting that the court “continue the lawsuit” because Central Louisiana State Hospital would not provide transportation for Murphy to go to the hearing; however, the letter was not received by the Office of Workers’ Compensation until July 29, 2003, one day *923 after the hearing on the exception of prescription.
When prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing that the action has not prescribed. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). Prescription is evident from the face of the pleadings in the instant case because Murphy’s compensation claim was not filed until approximately three years after the alleged injury. Furthermore, Murphy has never offered any proof, nor even suggested any reason why his claim might not be prescribed.
As for his complaint that he was unable to attend the hearing on the exception of prescription, we note that his letter to the Office of Workers’ Compensation requesting continuance was not received until after the hearing had been concluded. We also note there was no delay in transmission of the letter, which was dated July 27, 2003, and received by lathe Office of Workers’ Compensation on July 29, 2003. Just as Murphy has not suggested, either with the WCJ or in this court, why his claim is not prescribed, he also has not suggested either why his presence at the hearing was necessary or why his request for a continuance was not dilatory. We find that this appeal has no merit.
CONCLUSION
For the foregoing reasons, the judgment of the WCJ against the plaintiff, Stephen Murphy, is affirmed. Costs of this appeal are assessed to Mr. Murphy.
AFFIRMED.

. Murphy filed with this court his signed statement supporting how he was injured. Murphy stated (verbatim):
"A airship was traveling about thirty thousand feet and a herd of birds was traveling in the opposite direction from which the airship was traveling and the herd of birds ran into the airship engine and costed the airship to have engine problems and the airship was forced to land but before the airship landed the food from the herd of birds got into my body at ground zero. That somehow hospitalized me Stephen Murphy that happing on the job for Kava-naugh.”

. The Workers' Compensation statute, La. R.S. 23:1209(A), provides, in pertinent part:
In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident ... a formal claim has been filed....